MARICOPA/STANFIELD JP-1108
MARICOPA MUNICIPAL-1144

2021 SEP 16 PM 4: 43

Wanleatha Baker
42735 W. Arizona Avenue
Maricopa, AZ 85138
562.310.4748
Wanleathabaker@gmail.com
*Plaintiff Pro Per*

| ___ FILED | ___ LODGED |
|---|---|
| ___ RECEIVED | ___ COPY |

SEP 2 0 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Wanleatha Baker,

        Plaintiff,

v.

Battelle Memorial Institute, Inc., an Ohio
corporation,

        Defendant.

Case No. CV-21-1617-PHX-DMF

**COMPLAINT**

**(Jury Trial Demanded)**

Plaintiff, Wanleatha Baker, for her complaint against Defendant, Battelle Memorial Institute, Inc., alleges as follows:

1. Plaintiff, Wanleatha Baker, is a resident of Maricopa County, Arizona.

2. Upon information and belief, Defendant, Battelle Memorial Institute, Inc. ("Battelle"), is a corporation organized and existing under the laws of Ohio and is authorized to do business in the State of Arizona.

3. The events giving rise to Plaintiff's claim occurred in this jurisdiction in Maricopa County, Arizona. Venue is appropriate pursuant to 28 U.S.C. §1391(b)(2).

4. Plaintiff's claims arise under federal statutes and this Court has subject matter jurisdiction provided by 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3).

5. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Plaintiff's state law claims because the state and federal claims derive from a common nucleus of operative facts, and the claims are such that they would ordinarily be tried in one judicial proceeding.

6. Plaintiff was employed by Battelle as a CCDS Technician from June 15, 2020 through August 3, 2020.

7. Plaintiff earned a salary of $23.86 per hour plus $393.00 per week via food gift card.

8. During her employment, Plaintiff, who is African American, was treated differently because of her race.

9. Plaintiff was denied sufficient onsite training with chemicals, CCDS processes involving the tablet, and Bioquell operating processes by her supervisor shift lead, who is Caucasian.

10. Battelle failed to provide Plaintiff with her RSA number so that she could complete her training, even after Plaintiff requested her number on numerous occasions.

11. Plaintiff asked other employees if she could use their tablets to train while Battelle worked to provide her an RSA number, but the other employees denied her requests.

12. Plaintiff was forced to work in the chamber loading and unloading on days where the workload was full, and she should have been assigned to perform her job duties.

13. Plaintiff was then terminated by Battelle for her performance because Battelle claimed Plaintiff did not understand the processes.

14. Battelle gave proper training to non-African American employees yet chose to deny those opportunities to Plaintiff.

15. Plaintiff was denied an opportunity to learn the job, unlike non-African American employees, and was terminated because of her race.

16. Plaintiff filed a charge of discrimination with the EEOC on or about June 1, 2021. *See* Exhibit "A".

17. A Right to Sue Letter was issued by the EEOC on or about June 23, 2021. *See* Exhibit "B".

18. Plaintiff has timely filed this litigation.

19. Battelle's conduct, as alleged herein, was extreme and outrageous and entitles Plaintiff to an award of punitive damages. The conduct of Battelle was unlawful and intentional, in violation of Plaintiff's rights under 42 U.S.C. §2000e-3(a), and done with malice and an evil intent to harm Plaintiff.

## COUNT ONE: DISCRIMINATION
### 42 U.S.C. §2000e-2(a)

20. Plaintiff incorporates her prior allegations.

21. Section 703 of Title VII of the Civil Rights Action of 1964, as amended, prohibits employers from discharging an individual or otherwise discriminating against any individual "with respect to his compensation, terms, conditions, or privileges of

employment, because of such individual's race, color, religion, sex, or national origin."

22. Battelle discriminated against Plaintiff. Battelle treated Plaintiff, an African-American, different from its non-African American employees.

23. Plaintiff was denied sufficient onsite training with chemicals, CCDS processes involving the tablet, and Bioquell operating processes by her supervisor shift lead, who is Caucasian. Other non-African American employees were provided the proper training.

24. Plaintiff was then terminated by Battelle for her performance because Battelle claimed Plaintiff did not understand the processes.

25. As a result, Plaintiff was terminated because of her race.

26. As a direct and proximate result of the discrimination and termination, Plaintiff suffered embarrassment, humiliation, mental and physical anguish, and monetary damages.

27. The economic and emotional injuries have resulted in damages in an amount to be proven at trial.

## COUNT TWO: NEGLIGENT MISREPRESENTATION

28. Plaintiff incorporates her prior allegations.

29. Plaintiff was recruited by Battelle away from a job that Plaintiff was performing well at.

30. Battelle then failed to properly train Plaintiff, which allegedly caused Plaintiff's performance to be poor leading to her termination.

31. Battelle owed Plaintiff a duty of care. It is an employer's duty to protect its employee against the employer's own negligence. When an employer elects to communicate to an employee regarding her employment terms and conditions, the employer owes the employee a duty of reasonable care.

32. Battelle, in the course of business, gave incorrect and false information to Plaintiff to guide her business transactions. Battelle specifically stated to Plaintiff that she would be employed by Battelle in Arizona fully knowing her race and skill set.

33. Battelle intended, or could reasonably foresee, that Plaintiff would rely on that information. Battelle made the offer of employment to Plaintiff while recruiting Plaintiff away from a job that Plaintiff was performing well at.

34. Battelle failed to exercise reasonable care in obtaining or communicating the information. Battelle failed to provide Plaintiff with sufficient onsite training, which was provided to other employees, and was then terminated.

35. Plaintiff relied on the incorrect information. Plaintiff left her other employment and began working for Battelle.

36. Plaintiff's reliance was justified and is the cause of her damages.

37. As a direct and proximate result of Battelle's misrepresentations, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

## COUNT THREE: PROMISSORY ESTOPPEL

38. Plaintiff incorporates her prior allegations.

39. Battelle made a promise and should have reasonably foreseen that Plaintiff would rely on that promise. Battelle specifically stated to Plaintiff that she would be employed by Battelle in Arizona fully knowing her race and skill set. Battelle made the offer of employment to Plaintiff while recruiting Plaintiff away from a job that Plaintiff was performing well at.

40. Plaintiff actually relied on the promise of employment to her detriment. Plaintiff left her other employment and began working for Battelle.

41. Plaintiff had a justifiable right to rely on the alleged promise. Reliance is justified when it is reasonable. It was reasonable for Plaintiff to expect Battelle would provide Plaintiff with the proper training to perform the job that Battelle had hired Plaintiff for.

42. As a direct and proximate result of Battelle's actions, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

43. Plaintiff demands a jury trial on all allegations in this Complaint.

WHEREFORE, Plaintiff requests the following relief:

A. Full damages, including lost wages, salary, employment benefits, front pay, back pay, or other compensation in an amount to be proven at trial;

B.  Compensatory damages for Plaintiff's emotional distress, pain and suffering, in an

amount to be proven at trial;

C.  Punitive damages in an amount to be proven at trial;

D.  Interest on the foregoing amounts at the prevailing rate;

E.  Attorneys' fees and costs as provided by statute on her Federal claims;

F.  Any further amounts the Court deems just and appropriate.

RESPECTFULLY SUBMITTED this _____ day of _____, 2021

By:  /s/ _____

Wanleatha Baker
*Plaintiff Pro Per*

## VERIFICATION

WANLEATHA BAKER hereby declares under penalty of perjury as follows:

I am the Plaintiff in this action. I have read the Complaint. By signing below, I certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

_____
Date

WANLEATHA BAKER